United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

---

No. 07-30161
Summary Calendar

---

KAREN ROBISON WOODARD,

Plaintiff-Appellant,

versus

H. LYNN JONES II, Successor to James
Andrus as Clerk of the Court for the 14th
Judicial District Court, Parish of Calcasieu,

Defendant-Appellee,

DELLA GASTZKE; MICHAEL WAGNER; PAUL FOUNTAINE; CAROLINE
SPENCER; EARL PANIA; THOMAS ROQUE; LATIYA SMITH; CONRAN FRICKE;
MARY DONNA ANTEE; JENNIFER GUILLORY; BILLY CHARLES HERRMANN,

Plaintiffs-Appellants,

versus

LOUISIANA CLERK OF COURT ASSOCIATION; ROBERT T. BAROUSSE,
In His Official Capacity as Clerk 15th Judicial
District Court Acadia Parish; GERALD W. HARRINGTON, In
His Official Capacity as Clerk 33rd Judicial District Court
Allen Parish; KERMIT A. BOURQUE, In His Official
Capacity as Clerk 23rd Judicial District Court Ascension
Parish, also known as Hart Bourque; DARLENE LANDRY, In Her
Official Capacity as Clerk 23rd Judicial District
Assumption Parish; ET AL.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Louisiana
(2:03-CV-2098; 2:06-CV-257)

---

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

For this interlocutory appeal under Federal Rule of Civil Procedure 54(b), appellants challenge a partial summary judgment against their putative 42 U.S.C. § 1983 class-action claims.

This consolidated action claims putative class members were overcharged for civil filing fees by clerks of courts in Louisiana parishes where they filed civil actions. Violations of Louisiana statutes setting filing fees and deprivation of constitutional rights are claimed.

Partial summary judgment was awarded on two bases: seven of the state actions underlying the claims were prescribed by state law; and punitive damages were not available against the clerks of court because they were sued in their official capacity.

A summary judgment is reviewed *de novo*. *E.g.*, **Todd v. AIG Life Ins. Co.**, 47 F.3d 1448, 1451 (5th Cir. 1995). Such judgment is proper if the summary-judgment evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c); *see also* **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 249-50 (1986). In making this determination, we draw all reasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inferences in favor of the non-movant.  *Id.* at 255.  Conclusory allegations and naked assertions, however, are not sufficient to defeat a motion for summary judgment.  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195-96 (5th Cir. 1986).

Essentially for the reasons stated by the district court, the partial summary judgment was proper.  Concerning prescription, the constitutional torts claimed are most similar to a general tort under Louisiana law, which has a one-year prescriptive period.  *Bd. of Regents of the Univ. of the State of New York v. Tomanio*, 446 U.S. 478, 483 (1980) (because 42 U.S.C. § 1983 lacks its own prescriptive period, federal courts apply that of the most analogous state-law cause of action); LA. CIV. C. ART. 3492 (providing one-year prescription for general torts).

Summary judgment for punitive damages against the clerks of court was proper because such damages would necessarily be paid from clerk of court funds.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267-71 (1981).

*AFFIRMED*